IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD V. ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General of the United States; THOMAS E. BRANDON, Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (ECF No. 12)**<br><br>Case No. 2:16-cv-00150-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On December 5, 2016, Plaintiff Harold V. Robinson moved the Court for leave to file an Amended Complaint. (Req. for Leave to Am. Compl. & Deny as Moot the Defs.' Mot. to Dismiss Pl.'s Compl. (Mot.), ECF No. 12.) On December 21, 2016, Defendants Loretta E. Lynch and Thomas E. Brandon (the Federal Defendants) filed their Opposition. (Opp'n to Mot. to Am. Compl. (Opp'n), ECF No. 13.) On January 9, 2017, Mr. Robinson filed his Reply. (Pl.'s Reply in Supp. of Req. for Leave to Am. Compl. (Reply), ECF No. 15.) Upon review of the parties' briefings and supporting exhibits, the Court[1] GRANTS the Motion to Amend Complaint.[2]

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure (Rule) 15(a)(2) directs the Court to "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15 (a)(2). Courts liberally grant motions for leave to amend on the policy that pleadings should enable the parties to have a claim

---

[1] On March 2, 2016, District Judge Dee Benson referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)
[2] The Court determined it can decide the Motion based on the briefing and supporting exhibits and does not need oral argument. *See* DUCivR 7-1(f).

1

heard on its merits. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999). Courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The decision whether to grant leave to amend falls within the Court's discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Mr. Robinson proceeds *pro se*; thus, the Court must liberally construe his pleadings. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008). However, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Rules. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## DISCUSSION

Mr. Robinson brings this Motion to amend his Complaint, seeking to remove certain "personal background" details, clarify the grounds on which his existing claim rests, correct errors, and introduce an alternate theory of recovery. (Mot. 3-4, ECF No. 12.) On July 7, 2016, the Federal Defendants filed their Motion to Dismiss Mr. Robinson's Complaint. (Mot. to Dismiss, ECF No. 7.) Absent written consent from the Federal Defendants, Mr. Robinson may only amend his Complaint through the Court's leave. Fed. R. Civ. P. 15(a). The Federal Defendants do not consent and oppose Mr. Robinson's Motion to Amend on the grounds that amendment would prove futile. (Opp'n 3-4, ECF No. 13.) The Federal Defendants contend the

proposed Amended Complaint, included with Mr. Robinson's Motion, fails as a matter of law. (Opp'n 3-4, ECF No. 13.) The Court disagrees.

The Federal Defendants argue that because Mr. Robinson has a conviction for a crime with a potential term of incarceration greater than one year, 18 U.S.C. § 922(g)(1) prohibits him from possessing a firearm. (Opp'n 3, ECF No. 13.) The Federal Defendants make no further argument against amendment. Mr. Robinson's second claim recognizes the current prohibition and challenges the constitutionality of § 922(g)(1) as-applied. (Reply 5-6, ECF No. 15.)

While "prohibitions on the possession of firearms by felons" constitute "presumptively lawful regulatory measures," according to Supreme Court dicta in *District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n. 26 (2008), a presumption of lawfulness does not foreclose all as-applied challenges. Various circuits consider the constitutionality of 18 U.S.C. 922(g)'s prohibitions on as-applied bases. See *United States v. Reese*, 627 F.3d 792, 800–01 (10th Cir. 2010) (considering as-applied challenge to § 922(g)(8)); *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678, 697–98 (6th Cir. 2016) (considering as-applied challenge to § 922(g)(4)); *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010) (considering as-applied challenge to § 922(g)(1)).[3] In the words of the Seventh Circuit, "[*Heller*] did not invite courts onto an analytical off-ramp to avoid constitutional analysis." *Tyler*, 837 F.3d at 686.

The Tenth Circuit follows the Third and Seventh Circuits in applying a two-step approach to Second Amendment as-applied challenges. *Reese*, 627 F.3d at 800–01 (citing *United States v.*

---

[3] If Mr. Robinson challenged § 922(g)(1) facially, the Federal Defendants' futility argument would likely prevail. To succeed through a facial challenge, the plaintiff "must establish that no set of circumstances exists under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Given the number of cases where section 922(g)(1) has withstood constitutional challenges, the facial challenge route no longer exists. *See for example, United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *Baer v. Lynch*, 636 F. App'x 695, 697 (7th Cir. 2016) (unpublished) (collecting cases).

*Marzzarella,* 614 F.3d 85, 89 (3d Cir. 2010); *United States v. Skoien,* 614 F.3d 638, 641-42 (7th Cir. 2010) (en banc)). First, the Court must determine "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." *Reese,* 627 F.3d at 800 (quoting *Marzzarella,* 614 F.3d at 89). Second, the Court applies some form of "means-end scrutiny" of the law. *Id.* at 801.

The Federal Defendants omit any consideration as to why Mr. Robinson's as-applied challenge would fail, either choosing to construe his claim as a facial challenge or eliding the distinction between the two categories of constitutional challenge. The Federal Defendants fail to demonstrate that amendment would prove futile.

The Court finds Mr. Robinson's proposed Amended Complaint pleads particular facts likely making plausible his claim that § 922(g)(1), as applied to the "severable subcategory of persons" to which Mr. Robinson belongs, deprived Mr. Robinson of his constitutional rights. (Reply 5-6, ECF No. 15.) Mr. Robinson identifies the burden on conduct otherwise guaranteed by the Second Amendment, in his case, the prohibition on gun possession created by § 922(g)(1). (Mot. Ex. A [Proposed] 1st Am. Compl. 24, ECF No. 12.) Furthermore, Mr. Robinson alleges plausible and particular facts as to why the means-end analysis would end in his favor. (*Id.* at 24-25.)

Having established that Mr. Robinson's Amended Complaint introduces new allegations to remedy some of the problems raised in the Motion to Dismiss, the Court finds amendment, rather than a ruling on the Motion to Dismiss, will serve judicial efficiency.

## CONCLUSION

The Court finds no "'showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

futility of amendment.'" *Duncan*, 397 F.3d at 1315 (quoting *Frank*, 3 F.3d at 1365). Exercising its discretion, the Court GRANTS Mr. Robinson leave to file his Amended Complaint.

Dated this 24th day of March 2017.

                                                      BY THE COURT:

                                                      Evelyn J. Furse
                                                      United States Magistrate Judge