IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD V. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS E. BRANDON, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and JEFF SESSIONS, in his official capacity as Attorney General of the United States<br><br>Defendants. | REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:16-cv-00150-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Thomas E. Brandon and Jeff Sessions (collectively, "the Federal Defendants") move the Court[1] to dismiss pro se Plaintiff Harold V. Robinson's Second Amended Complaint. The Federal Defendants argue Mr. Robinson's Substantive Due Process claims under the Fifth Amendment fail to state a claim because only the Second Amendment guarantees the right to self-defense. (Mot. To Dismiss ("Mot."), 4-5, ECF No. 41.) The Federal Defendants further contend that this Court should not grant Mr. Robinson leave to amend his claims to plead under the Second Amendment because Mr. Robinson intentionally waived his Second Amendment claims and amendment would prove futile. (Id. at 5-10.) After considering the parties' briefing, oral argument,[2] and the applicable law, the undersigned agrees and RECOMMENDS the

---

[1] On March 2, 2016, District Judge Dee Benson referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1). (ECF No. 4.)
[2] On May 22, 2018, the undersigned held a hearing on the Federal Defendants' Motion to Dismiss Mr. Robinson's Second Amended Complaint. (ECF No. 47.)

District Judge DISMISS Mr. Robinson's Substantive Due Process Claims against the Federal Defendants because only the Second Amendment guarantees the right to bear arms for self-defense.  The undersigned further RECOMMENDS the District Judge DISMISS Mr. Robinson's action with prejudice because he voluntarily and intentionally waived his Second Amendment claims.

## FACTUAL AND PROCEDURAL HISTORY

On February 24, 2016, Mr. Robinson filed his Complaint against the Federal Defendants alleging that 18 U.S.C. § 922(g)(1) ("The Gun Control Act") violated his Second Amendment right to keep and bear arms.  (Compl. ¶ 37, ECF No. 3.)  The Federal Defendants filed a Motion to Dismiss Mr. Robinson's Complaint for failure to state a claim upon which this Court can grant relief.  (Mot. to Dismiss, ECF No. 7.)  After the parties had an opportunity to respond to the Federal Defendants' Motion to Dismiss, Mr. Robinson filed a Motion to Amend his Complaint.  (Request for Leave to Amend Compl., ECF No. 12.)  On March 24, 2017, the Court granted Mr. Robinson's Motion to Amend.  (Mem. Decision & Order Granting Pl.'s Mot. to Amend, ECF No. 16.)  On April 10, 2017, Mr. Robinson filed his First Amended Complaint where he again alleged that the Gun Control Act as applied to him violated his Second Amendment rights.  (Am. Compl. ¶¶ 76–78, ECF No. 18.)  On September 19, 2017, Mr. Robinson moved for leave to file a second Amended Complaint in which he replaced his Second Amendment claims with two claims under the Substantive Due Process Clause of the Fifth Amendment.  (Mot. for Leave to File 2d Am. Compl. ("Mot. for Leave"), 4–5, ECF No. 37.)  On October 20, 2017, the Court granted Mr. Robinson's Motion.  (Docket Text Order Granting Mot. for Leave, ECF No. 39.)  On November 15, 2017, Mr. Robinson

filed his Second Amended Complaint, which the Federal Defendants now seek to dismiss for failure to state a claim upon which this Court can grant relief.

The Court takes "as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In September 2001, at the age of nineteen, Mr. Robinson pled guilty to possession of a shotgun with a barrel less than eighteen inches as defined by 26 U.S.C. § 5845(a)(1) and in violation of 26 U.S.C. § 5861(d). (2d Am. Compl. ¶ 8, ECF No. 40.) The crime carries a potential term of incarceration greater than one year (id. at ¶ 21), however, Mr. Robinson received forty-two months of probation, which he fully satisfied "and the case is closed." (Id. at ¶ 8.)

Mr. Robinson alleges he would like to acquire a firearm for purposes of exercising his right to self-defense. (Id. at ¶ 4). In or around February 2014, Mr. Robinson met with a Federal Firearms License (FFL) Dealer to purchase a gun. (Id. at ¶ 20.) Mr. Robinson disclosed that he had a felony conviction, and the dealer informed him that he could not purchase a firearm because of his conviction. (Id.) Mr. Robinson asks the Court to declare the Gun Control Act unconstitutional as applied to him because the Act allegedly "violate[s] [his] fundamental liberty right of personal security and safety secured by the Substantive Due Process Clause of the Fifth Amendment to the U.S. Constitution." (Id. at ¶ 48.) Mr. Robinson also seeks a permanent injunction against the Federal Defendants, enjoining them "from enforcing 18 U.S.C. 922(g)(1) against [him]; from denying him lawfully possessing and using lawful firearms for lawful self-defense;

and … from enforcing their Regulatory Scheme in a manner as to deny or disparage [him] from commercially purchasing lawful firearms … in the same manner as any typical law-abiding responsible American citizen." (Demand for Relief ¶ 2, ECF No. 40.)

## LEGAL STANDARD

Mr. Robinson proceeds pro se, in forma pauperis in this action.[3] The Court construes pro se pleadings liberally and holds them to a "less stringent standard." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)). However, the Court cannot act as an advocate for a pro se litigant, who must comply with the fundamental requirements of the Rules. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840). A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110).

## DISCUSSION

**I. The Substantive Due Process Claims Fail Because Only the Second Amendment Recognizes a Cognizable Right to Self Defense**

Mr. Robinson alleges the Gun Control Act

---

[3] On February 26, 2016, the Court granted Mr. Robinson leave to proceed in forma pauperis. (Order, ECF No. 2.)

4

> violates his fundamental, inherent right of self-defense secured by the Substantive Due Process Clause of the Fifth Amendment to the U.S. Constitution because the denial of lawful firearms and ammunition possession and usage while living in society are so severe that they completely eliminate his right to lawfully repel force by force, which is the very core of the fundamental, inherent right of self-defense.

(2d Am. Compl. ¶ 35, ECF No. 40.) Mr. Robinson further alleges that preventing him from owning a gun "arbitrarily render[s] [him] utterly defenseless, and unable to secure his personal safety and security while living in this Nation's heavily armed society." (Id. at ¶ 36.) Mr. Robinson also alleges that enforcing the Gun Control Act and its regulatory scheme against him

> constitutes an affirmative act that so severely restrains his personal liberty to act on his own behalf to secure his personal security and safety, it renders him wholly reliant upon them to provide him with those substantive services which he would otherwise provide for himself through the lawful exercise of his fundamental, inherent right of self-defense.

(Id. at ¶ 46.)

The Federal Defendants argue that Mr. Robinson's Substantive Due Process claims fail because his "claims deal with subject matter that is specifically addressed under the Second Amendment. Accordingly, he cannot bring Substantive Due Process Clause claims to vindicate such rights." (Mot. 5, ECF No. 41.)

Mr. Robinson counters that the legal authority the Federal Defendants cite to support their argument does not "challenge[] whether or not the Second Amendment was the 'explicit textual source of constitutional protection' against [the] particular sort of government behavior'" alleged in his Second Amended Complaint. (Opp'n 6, ECF No. 42.) Mr. Robinson argues the Second Amendment does not provide an explicit constitutional protection for the right to bear arms for personal self-defense. (Id. at 13.)

5

He asserts that the Second Amendment "provides an explicit textual source of constitutional protection against governmental interference with that form of self-defense (preservation of the citizen militia, resistance to tyranny, or a species of collective self-defense)." (Id.)  Mr. Robinson argues the Second Amendment does not apply in his case because he only seeks to vindicate his individual right to self-defense not the right to bear arms as part of a collective of other private individual citizens to combat a tyrannical government.  (Id. at 12–13.)

Mr. Robinson presents a line of thought that Justice Breyer adhered to in his Dissenting opinion in District of Columbia v. Heller, 554 U.S. 570 (2008).  Justice Breyer stated:

> that the Second Amendment protects militia-related, not self-defense-related, interests.  These two interests are sometimes intertwined.  To assure 18th-century citizens that they could keep arms for militia purposes would necessarily have allowed them to keep arms that they could have used for self-defense as well.  But self-defense alone, detached from any militia-related objective, is not the Amendment's concern.

Id. at 681.  Other legal scholars have similarly opined that a constitutional right to guns exists, but that it springs from somewhere other than the Second Amendment.  See Michael Waldman, The Second Amendment:  A Biography 174 (2014).  Despite the line of thought endorsed by Justice Breyer, at this point, the Supreme Court's decision in Heller, in which the Court held the right to self-defense constitutes a core right under the Second Amendment, binds this Court.  Heller, 554 U.S. at 592.

Mr. Robinson's claims stem from the Gun Control Act's prohibition against him owning a gun because he has a felony conviction.  As such, Mr. Robinson's claims invoke the protections of the Second Amendment, which guarantees "the right of the people to keep and bear Arms."  U.S. CONST. amend. II; see also Heller, 554 U.S. at

592 (stating that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation.")  The Supreme Court has held "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).  Accordingly, because the Second Amendment provides "an explicit textual source of constitutional protection" for Mr. Robinson's claims, Graham, 490 U.S. at 395, the Second Amendment, and not substantive due process, must guide the undersigned's analysis of his claims.  See Graham, 490 U.S. at 395 (holding the Fourth Amendment applied to seizures rather than the Fourteenth).  Mr. Robinson must seek an appeal to the Tenth Circuit to continue to pursue his Substantive Due Process claims.

Therefore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Robinson's Substantive Due Process Claims against the Federal Defendants with prejudice because only the Second Amendment guarantees the right to bear arms for self-defense and amendment would prove futile.  See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001)).

**II.  The District Judge Should Dismiss Mr. Robinson's Action With Prejudice Because He Voluntarily and Intentionally Waived his Second Amendment Claims**

The Federal Defendants argue the Court should not grant Mr. Robinson leave to amend his Second Amended Complaint to plead under the Second Amendment because he explicitly and voluntarily waived his Second Amendment claims and amendment would prove futile. (Mot. 5–10, ECF No. 41.) Mr. Robinson asserts that he "abandoned his claims that were inappropriately brought under the Second Amendment thus rendering the Federal Defendants waiver and futility arguments moot." (Opp'n 15, ECF No. 42.) Further, Mr. Robinson states he "knowingly, intentionally, and willfully abandoned his Second Amendment claims and he has done so not by accident, rather, as he has already stated, he did so as a matter of necessity." (Id. at 6.) Additionally, Mr. Robinson confirmed at oral argument that he waives his Second Amendment claims. Because Mr. Robinson voluntarily and intentionally waived his Second Amendment claims, the undersigned RECOMMENDS the District Judge DISMISS Mr. Robinson's action with prejudice because he cannot state a claim. See accord Curley v. Perry, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (stating "dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (quoting Hall, 935 F.2d at 1110).

### III.  The Federal Defendants Do Not Move To Dismiss Mr. Robinson's Second Amended Complaint Under 28 U.S.C. § 1915(e)(2)(B)

At oral argument and in his opposition to the Federal Defendants' Motion, Mr. Robinson expressed concerns that the Federal Defendants attempted to undermine his IFP status by seeking dismissal of his Second Amended Complaint under 28 U.S.C. § 1915(e)(b)(2)(ii) (the "IFP statute"). (See Opp'n 3, ECF No. 42 (stating "The Federal

Defendants impermissibly seek to take advantage of a power that exclusively belongs to courts and cause a prejudicial dismissal of [his] entire action based primarily on [his] status as a poor person proceeding pro se.")) He also asserts that the Federal Defendants failed to cite to "any authority showing that they have a right to assert a Fed. R. Civ. P. Rule 12(b)(6) motion through 28 U.S.C. § 1915(e)(b)(2)(ii). (Id. at 2.) At the hearing, Mr. Robinson also expressed particular concerns with the three-strikes rule under the IFP statute.

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kay, 500 F.3d at 1217-18. Thus, cases often discuss § 1915(e)(2)(B)(ii) and Rule 12(b)(6) together and interchangeably.

Here, however, the Federal Defendants did not invoke § 1915(e)(2)(B)(ii) and moved to dismiss Mr. Robinson's claims only under Rule 12(b)(6). Rule 12(b)(6) authorizes a defendant to defend against a claim for relief by permitting a party to assert that the plaintiff failed to state a claim upon which a court can grant relief. See Fed. R. Civ. P. 12(b)(6) (stating "[a] party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted.")

With respect to the IFP statute's three-strike rule, 28 U.S.C. § 1915(g) enables a court to impose a "strike" on a "prisoner's action or appeal if the court dismisses the

prisoner's action as "frivolous," Brooks v. Raemisch, 717 F. App'x 766 (10th Cir. 2017) (unpublished), or as malicious or for failure to state a claim upon which a court can grant relief. 28 U.S.C. § 1915(g). As a non-prisoner, Mr. Robinson need not worry about receiving a "strike" because the undersigned recommends dismissing his Second Amended Complaint under Rule 12(b)(6), which does not contain a "three strikes rule." Additionally, at oral argument, the Federal Defendants stated that Mr. Robinson presented a well-written Complaint, and he did not present any frivolous claims. Thus, the Court's ruling dismissing Mr. Robinson's Second Amended Complaint under Rule 12(b)(6) does not affect his IFP status.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Robinson's claims against the Federal Defendants pursuant to Rule 12(b)(6) with prejudice because only the Second Amendment provides a right to self-defense and Mr. Robinson voluntarily and intentionally waived his Second Amendment claims.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same. The Court further notifies the parties that they must file an objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 31st day of August, 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge